UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| LAWRENCE SALERNO, ET AL., | : | CASE NO. 1:23-cv-01419 |
| Plaintiffs, | : | ORDER |
|  | : | [Resolving Doc. 25, 26] |
| v. | : |  |
| FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this insurance industry dispute, Defendant Family Heritage seeks leave to amend its responsive pleading to add an additional breach of contract counterclaim for breach of contract against the current Plaintiffs and bring a trade secrets misappropriation claim against Plaintiffs and various third parties.[1] Family Heritage also asks the Court to extend the current case schedule by ninety days.[2]

Plaintiffs oppose both motions.[3]

For the following reasons, the Court **GRANTS** Defendant Family Heritage's motion for leave to amend its responsive pleading and **PARTIALLY GRANTS** Family Heritage's motion to modify the case schedule. The Court extends the deadline for dispositive motions by thirty days. All other case schedule dates remain unchanged. The Court **REQUESTS** that Plaintiffs file any memoranda in support of Defendant Family Heritage's motion to seal its motion to modify the case schedule within seven days of this order.

---

[1] Doc. 26, PageID #: 547.
[2] Doc. 25.
[3] *See* Docs. 31, 32. Defendant Family Heritage replied in support of its motions. *See* Docs. 33, 34.

Case No. 1:23-cv-01419
GWIN, J.

## I. LEGAL STANDARD

Generally speaking, "[d]istrict courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets."[4]

When a party seeks to amend their pleading after the case management order cut-off for amending pleadings, two rules apply: Rule 16, which addresses case schedule modifications, and Rule 15, which addresses amended pleadings.[5] In considering a motion to late amend a complaint, a court must first find that the scheduling order can be modified under Rule 16(b)(4).[6] If so, the court will then consider whether the proposed rule is proper under Rule 15(a)(2).[7]

Under Rule 16(b)(4), the court deadline for amending pleadings "may be modified . . for good cause and with the judge's consent."[8] "In order to demonstrate good cause, the [moving party] must show that [they could not meet the] original deadline despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment."[9]

If the court finds good cause under Rule 16, the court should then conduct Rule 15 analysis. Under Rule 15, the court should freely grant a plaintiff's motion for leave to amend their complaint "when justice so requires."[10] But the court may deny leave to amend if there is "undue delay, bad faith, or dilatory motive on the part of the movant," or if the amendment

---

[4] *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)).
[5] Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 15(a)(2).
[6] *Leary v. Daeschner*, 349 F.3d 888, 906, 909 (6th Cir. 2003).
[7] *Id.*
[8] Fed. R Civ. P. 16(b)(4).
[9] *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary*, 349 F.3d at 906).
[10] Fed. R. Civ. P. 15(a)(2)

Case No. 1:23-cv-01419
GWIN, J.

would be futile.[11] An amendment is futile if it could not survive a Rule 12(b)(6) motion to dismiss.[12]

## II. DISCUSSION

### A. Motion to Amend Responsive Pleading

#### 1. Rule 16(b)(4) Modification of Case Schedule

In this action, Plaintiff Lawrence Salerno claims that Defendant Family Heritage unlawfully withheld over $21 million in residual commissions owed to Salerno as a former Family Heritage Sales Director.[13] Defendant Family Heritage responded that Salerno forfeited the commissions by breaching his Family Heritage contract by secretly running competing insurance sales organizations, among other harm.[14] In its original counterclaim, Family Heritage sued for breach of contract for repayment of Plaintiffs' debts, indemnification, and promissory estoppel.[15]

Now, Defendant Family Heritage seeks leave to add: (1) an additional breach of contract counterclaim against the current Plaintiffs for breach of the Marketing Agreement's post-termination non-solicitation provision; and (2) a claim for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, against the current Plaintiffs and third parties Nick Henderson, Heartland Heritage LLC (Heartland), Empower Financial Group Corporation and Empower Insurance Group Corporation (the Empower Entities), and additional Jane Doe Salerno

---

[11] *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman*, 371 U.S. at 182 (1962)).
[12] *Rose v. Hartford Underwrites Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).
[13] Doc. 1.
[14] Doc. 6, PageID #: 137.
[15] *Id.*, PageID #: 137-39.

Case No. 1:23-cv-01419
GWIN, J.

Companies.[16] Family Heritage says it only discovered the facts supporting these proposed new claims after the Court's December 11, 2023 amendment deadline.[17]

Plaintiffs oppose and say that Family Heritage has not shown good cause because Family Heritage was aware of the new-claim factual background as early as May 2023.[18] Plaintiffs also say that the proposed amendments will prejudice them.[19]

The Court finds that Family Heritage has shown good cause for allowing its late amendments.

"New information can constitute good cause under Rule 16(b)."[20] Sixth Circuit courts regularly grant leave for a party to amend its pleadings when discovery "apparently confirmed [the party's] suspicions so that the company could assert [additional] claims."[21]

Here, Family Heritage did not receive discovery confirming the facts supporting its proposed amendments until February 27, 2024, with additional productions on March 18 and 22, 2024.[22] Plaintiffs then moved to amend their pleading less than two months from the initial production, on April 19, 2024.[23] This short delay is "fairly inconsequential," given the case's complexity and the parties' mutual attempts to diligently overcome discovery challenges.[24]

---

[16] *See* Doc. 26-1, PageID #: 579-81.
[17] Doc. 26, PageID #: 553.
[18] Doc. 32, PageID #: 639.
[19] *Id.* at 639.
[20] *Fijalkowski v. Belmont County Bd. of Comm'rs.*, Case No. 2;17-cv-195, 2018 WL 1835444, at *2 (S.D. Ohio Apr. 18, 2014).
[21] *Id.*
[22] Doc. 26-2, Page ID #: 586-87.
[23] *See* Doc. 26.
[24] *See Discover Bank v. New Vision Fin., LLC*, No. 2:03-CV-686, 2005 WL 1865369, at *3 (S.D. Ohio Aug. 1, 2005).

Case No. 1:23-cv-01419
GWIN, J.

Plaintiffs point to the May 25, 2023, letter from Family Heritage to Plaintiffs as proof that Family Heritage knew of the predicate facts for its proposed trade secrets and breach of contract claims before discovery.[25]

The May 25, 2023, letter briefly mentions proposed third-party defendant Nick Henderson and the Empower entities.[26] It does not, however, mention misappropriation of trade secrets, or anything that would suggest Plaintiffs were misusing Family Heritage's confidential business information. Neither does the June 30, 2023, termination letter sent from Defendant Family Heritage to Plaintiff Salerno.[27] Plaintiffs point to no other evidence that Family Heritage was aware, prior to discovery, that its trade secrets were being misappropriated, or by whom.

The same goes for Family Heritage's proposed breach of contract counterclaim against Plaintiffs for post-termination solicitation. Plaintiffs say that because Family Heritage's original counterclaim alleged that Family Heritage has "received reports that Salerno . . . continues to be involved in the sale of insurance products through other companies," Family Heritage was aware of the conduct that supports its new breach of contract claim well before the amendment deadline.[28]

Family Heritage's new breach of contract counterclaim arguably comes from new information uncovered during discovery, however. A party may show good cause to amend even when discovery confirms prior suspicions that may not have allowed a party to meet the Rule 8(c) pleading standard in good faith when originally filed.[29]

---

[25] Doc. 1-4, PageID #: 92-95.
[26] *See id.*
[27] Doc. 1-5, PageID #: 96-97.
[28] Doc. 32, PageID #: 638.
[29] *See* Fed. R. Civ. P. 8(c)(2) (requiring pleadings to have "a short and plain statement of the claim *showing that the pleader is entitled to relief*) (emphasis added).

- 5 -

Case No. 1:23-cv-01419
GWIN, J.

And, though Plaintiffs argue that they will be unduly prejudiced by Family Heritage's proposed amendments, the Court finds that the amendments will promote judicial economy. The additional counterclaim and third-party claim arise from the same events as the original claims and counterclaims. Allowing the amendments now avoids litigating Family Heritage's proposed amendments as a separate action and, likely, avoids a later motion to join the matters.[30]

Further, Plaintiffs may still conduct discovery after the amended pleadings, and, as discussed below, the Court will modify the deadline for dispositive motions to allow more time for the parties to narrow the case's issues.

So, the Court finds there is good cause to allow Family Heritage's proposed amendments under Rule 16.

### 2. Rule 15(a)(2) Propriety

For the same reasons, the Court finds there is no reason to deny Family Heritage's motion for leave to amend under Rule 15. Neither party is faultless—or entirely to blame—for how this case's discovery process has proceeded. Family Heritage does not believe Plaintiffs are acting in bad faith or intentionally delaying the discovery process. Nor so is Family Heritage.

This matter is complex. Understandably, the discovery process reflects this complexity. Yet, the Court notes that until now, it has not had to resolve any discovery disputes and commends the parties for their diligence.

---

[30] See *McKinney v. Bayer Corp.*, No. 1:10-CV-00224, 2011 WL 2553304, at *2 (N.D. Ohio June 28, 2011) (finding judicial economy outweighs prejudice concerns).

Case No. 1:23-cv-01419
GWIN, J.

Plaintiffs do not show why justice requires denying Family Heritage's motion for leave to amend. Family Heritage is granted leave to amend under Rule 15's lenient standard.

### B. Motion to Modify Case Schedule

Family Heritage also moves to extend all case deadlines for ninety days and to continue the trial.[31] Plaintiffs say they do not need additional time and can complete all discovery before the July 29, 2024 deadline.[32]

The Court reviews this request under the same Rule 16(b)(4) standard as discussed: a court's scheduling order may be modified "only for good cause and with the judge's consent."[33]

The Court extends the dispositive motion deadlines by thirty days. Family Heritage has not shown good cause, however, for any other extensions.

This matter was initiated on July 29, 2023. Trial is scheduled for over a year later, on September 3, 2024. Even with Family Heritage's amended counterclaims and third-party complaint, this timeframe amply provides for the case's resolution.

As discussed, both parties have contributed to the discovery challenges–and both have continuously worked to resolve them. So, while Family Heritage should not be penalized for bringing additional claims requiring a more expansive discovery, neither should they be rewarded for their part in the delays.

The Court recognizes that discovery is extensive, and ongoing. So, the Court resolves Family Heritage's motion to modify the case schedule without prejudice.

---

[31] Doc. 25, PageID #: 490.
[32] Doc. 31, PageID #: 613.
[33] Fed. R Civ. P. 16(b)(4).

Case No. 1:23-cv-01419
GWIN, J.

### C. Motion to Seal

Upon Plaintiffs' request, Defendant Family Heritage moves for an order sealing Family Heritage's motion to modify the case schedule.[34] Plaintiffs allege that certain information in the motion must be filed under seal.[35]

Per the parties' stipulated protective order, confidential portions of relevant documents are subject to sealing.[36] However, applications to the Court relating to confidential documents shall be made pursuant to Local Rule 7.1.[37]

Local Rule 7.1 provides that motions must be accompanied by a memorandum by the moving party detailing "the points and authorities on which it relies in support of the motion."[38]

Family Heritage disputes the confidentially designation requested by Plaintiffs, yet nevertheless moves on their behalf.

The Court will permit Plaintiffs to file a memorandum in support of Family Heritage's motion to seal within seven days of this order. Any memorandum should detail the grounds upon which Plaintiffs assert confidentiality of certain documents, as well as the scope, pursuant to the parties' stipulated protective order. Family Heritage may reply in opposition.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Family Heritage's motion for leave to amend its responsive pleading. Defendant Family Heritage must file any amended pleading on or before seven days from the date of this order.

---

[34] Doc. 28.
[35] *Id.* at PageID #: 591.
[36] Doc. 11, PageID #: 260.
[37] *Id.*, PageID #: 261.
[38] See Local Rule 7.1(d).

- 8 -

Case No. 1:23-cv-01419
GWIN, J.

The Court further **GRANTS IN PART** and **DENIES IN PART WITHOUT PREJUDICE** Defendant Family Heritage's motion to modify the case schedule.  Dispositive motions are now due on **June 28, 2024**; briefs in opposition are due on **July 12, 2024**; and briefs in reply are due on **July 19, 2024**.  All other dates set by this Court shall remain as previously set.

Finally, the Court **REQUESTS** that Plaintiffs file any memoranda in support of Defendant Family Heritage's motion to seal its motion to modify the case schedule within seven days from the date of this order.

IT IS SO ORDERED.

Dated: May 17, 2024               *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE