UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| | : | |
| LAWRENCE SALERNO, et al., | : | CASE NO. 1:23-cv-01419 |
| | : | |
| Plaintiffs, | : | ORDER |
| | : | [Resolving Doc. 28] |
| v. | : | |
| | : | |
| FAMILY HERITAGE LIFE | : | |
| INSURANCE COMPANY OF | : | |
| AMERICA, | : | |
| | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this insurance sales contract dispute case, the Court entered a modified stipulated protective order.[1]

On April 19, 2024, Defendant Family Heritage Life Insurance (Family Heritage) moved to modify the case's schedule.[2]  Family Heritage filed that motion unredacted and unsealed.  Family Heritage simultaneously moved to seal the motion.  It also moved to file two exhibits to the motion—which had been marked "confidential" by Plaintiffs Lawrence Salerno, Pinnacle Brokerage Firm, and Dynasty Financial Group—under seal.[3]

The Court granted the motion to file the exhibits, Exhibits B & H, under seal.[4]  The Court asked Plaintiffs to respond to Defendant Family Heritage's motion to seal the motion to modify the case schedule.[5]

---

[1] *See* Doc. 11.
[2] *See* Doc. 25.
[3] *See* Docs. 27, 28.
[4] Doc. 29.
[5] Doc. 35, PageID #: 681.  The Court also granted in part and denied in part the motion to modify the case schedule.  *See id.*

Case No. 1:23-cv-01419
GWIN, J.

Plaintiffs did so.[6]  In their response, Plaintiffs argued that Family Heritage violated the protective order's terms by filing its motion to modify the case schedule unredacted[7] Plaintiffs request that the Court seal the unredacted motion and allow Plaintiffs to file a version redacting portions that Plaintiffs claim as confidential.[8]

Defendant Family Heritage responded to Plaintiff's response.[9]

For the following reasons, the Court **DENIES** Defendant Family Heritage's motion to seal its motion to modify the case schedule and **DENIES** Plaintiffs' request to file a redacted version of the same.

## I.  DISCUSSION

As modified by the Court, the parties' protective order states:

"Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, or trade secrets."[10]

Further, the protective order provides that:

"To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.  If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing."[11]

---

[6] Doc. 38.
[7] *Id.*, PageID #: 784.
[8] *Id.*, PageID #: 790.
[9] Doc. 40.
[10] Doc. 11, PageID #: 257.
[11] *Id.*, PageID #: 260.

Case No. 1:23-cv-01419
GWIN, J.

A party seeking to file confidential information under seal must show "(1) a
compelling interest in sealing the records; (2) that that interest in sealing outweighs the
public's interest in accessing the records; and (3) that the request is narrowly tailored."[12]

Plaintiffs have not shown that they have a compelling interest in sealing or redacting
Defendant Family Heritage's motion to modify the case schedule.

Sealing the entire motion would be overbroad and run counter to the protective
order's terms.[13]

Plaintiffs instead seek to redact the following portions of the motion's sealed exhibits:

**Exhibit B**: ""Moreover, it appears that an employee of Plaintiffs (Cynthia
Henning) was responsible for facilitating the appointment of all Empower
Financials' sales agents. (*See e.g.* Ex. B (emails showing Cynthia Henning in
charge of all contracting, and that she organized Salerno's Empower Financial
Latino hierarchies of sales agents.).)"[14]

**Exhibit H**: "The documents also confirm that Salerno is aware that others took
similar measures to conceal their conduct.  (*See e.g.*, Ex. H (emails showings
steps Salerno needed to take to license Jackson in Texas and set up Empower
Financial under her name, showing that Salerno "confirmed "[t]he person
taking the test for me to found [sic] the company to license will have the test
done within the next 2 to 3 weeks," and showing that Salerno had direct access
to, among others, Jackson's Empower Financial email address)."[15]

Neither of these proposed redacted portions contain confidential information as
defined by the parties' protective order.

Plaintiffs claim that the above portions are the trade secrets of one of Family Heritage's
competitors.[16]  Under Ohio law, a trade secret is defined as

"information . . . that satisfies both of the following: (1) it derives independent
economic value, actual or potential, from not being generally known to, and

---

[12] *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)).

[13] *See Kondash*, 767 F. App'x at 637 (noting "strong presumption in favor of openness" of docket).

[14] Doc. 25, PageID #: 496.

[15] *Id.*, PageID #: 499, 500.  *Compare* Doc. 25 *with* Doc. 38-2.

[16] Doc. 38, PageID #: 788.

- 3 -

Case No. 1:23-cv-01419
GWIN, J.

> not being readily ascertainable by proper means by, other persons who can
> obtain economic value from its disclosure or use[; and] (2) [i]t is the subject of
> efforts that are reasonable under the circumstances to maintain its secrecy."[17]

Plaintiffs do not argue how or why the above constitute trade secrets.  Plaintiffs do not describe how either of the above portions derives independent economic value from its secrecy, or how they have maintained efforts to maintain that information's secrecy.  Without more, the Court does not find that either portion contains trade secrets.

Plaintiffs also say that the publication of the two above portions would allow Family Heritage to use that information against a Family Heritage competitor.[18]  The Sixth Circuit has held that such "platitudes" do not allow a sealing proponent to meet its burden.[19]

Exhibits B and H do contain confidential information (i.e., email account login information and commission schedules) that warranted the exhibits' sealing.[20]  That confidential information is neither quoted nor referenced in Family Heritage's motion to modify the case schedule.  So, the above portions need not be redacted from the public.

The parties' protective order does not prohibit quotations from confidential documents, if confidential information is not disclosed in an unredacted quotation.  The protective order does not, however, create a presumption that a document marked "confidential" is entirely confidential information.

---

[17] *Kondash*, 767 F. App'x at 639 (quoting R.C. § 1333.61(D)(1)-(2)).
[18] Doc. 25, PageID #: 788.
[19] *See Shane Grp., Inc.*, 825 F.3d at 308.
[20] *See S.C. Wyndham Hotels & Resorts, Inc.*, Case No. 1:23-cv-00871, 2024 WL 530585, at *1 (N.D. Ohio Feb. 9, 2024) ("information regarding franchise fees and royalties are likely trade secret").

Case No. 1:23-cv-01419
GWIN, J.

## II.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Family Heritage's motion to seal its motion to modify the case schedule.  The Court **DENIES** Plaintiffs' request to file a redacted version of the same.


IT IS SO ORDERED.


Dated: July 1, 2024                                    _s/      James S. Gwin_
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE