UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| LAWRENCE SALERNO, ET AL., | : | CASE NO. 1:23-cv-01419 |
| | : | |
| Plaintiffs, | : | ORDER |
| | : | [Resolving Doc. 48] |
| v. | : | |
| | : | |
| FAMILY HERITAGE LIFE | : | |
| INSURANCE COMPANY OF | : | |
| AMERICA, | : | |
| | : | |
| Defendant. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Family Heritage Life Insurance Company of America (Family Heritage) moves under Federal Rule of Civil Procedure 16(b)(4) to modify the case schedule by extending all scheduled case dates by ninety days and to continue the trial date.[1]

Plaintiffs oppose the motion.[2]

For the following reasons, the Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Defendant Family Heritage's motion to modify the case schedule. The Court extends the deadline for dispositive motions until August 5, 2024. The Court extends other remaining case deadlines as described in the Conclusion.

I. DISCUSSION

Generally speaking, "[d]istrict courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets."[3]

---

[1] *See* Doc. 48, PageID #: 880; Doc. 54.
[2] Doc. 55. Defendant Family Heritage Replied. Docs. 60, 61, 62.
[3] *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)).

Case No. 1:23-cv-01419
GWIN, J.

Under Rule 16(b)(4), a party may move to amend a scheduling order "for good cause and with the judge's consent."[4] Rule 16's good cause requirement primarily focuses on whether the movant diligently tried to meet the case management order's deadlines.[5] Courts also consider possible prejudice to the non-moving party in determining whether the moving party has shown good cause.[6]

### A. Good Cause

Defendant Family Heritage has shown good cause for a partial extension of deadlines.

Currently, the discovery cutoff is July 29, 2024, and trial is set for September 3, 2024.[7] On May 17, 2024, the Court partially granted Defendant Family Heritage's previous motion to modify the case schedule.[8] The Court extended the dispositive motion deadline by thirty days, to June 28, 2024.[9]

Also in its May 17, 2024, order, the Court granted Defendant Family Heritage's motion for leave to amend its pleadings to add additional counterclaims and a third-party complaint.[10] The Court found that Family Heritage had shown good cause to amend its pleadings because discovery had supported claims that formed the basis of its amended pleadings.[11]

So, on May 22, 2024, Family Heritage filed its first amended counterclaim against Plaintiffs and third-party complaint against third parties, including a former Family Heritage employee and yet-unnamed entities of Plaintiffs' that compete with Family Heritage.[12]

---

[4] Fed. R. Civ. P. 16(b)(4).
[5] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).
[6] *Id.*
[7] Doc. 15, PageID #: 294, 296.
[8] *See* Doc. 35, PageID #: 681.
[9] *Id.*
[10] *Id.*
[11] *Id.* at PageID #: 684-85.
[12] *See* Doc. 36, PageID #: 690.

Case No. 1:23-cv-01419
GWIN, J.

The current case schedule does not allow Family Heritage's amended pleadings to be fully litigated by either party. The newly-added third parties waived service, making their answers due by July 22, 2024—five days before the current discovery deadline.[13] Family Heritage reports that, since it and a third-party-defendant served written discovery requests upon each other on June 20, 2024, discovery responses would be due on July 20, 2024.[14] And, the dispositive motion deadline has passed, which eliminates the opportunity for any party to narrow the yet-growing factual and legal issues in this matter, despite the diligence shown by all parties involved.

Family Heritage has also shown diligence in damage-related discovery. Family Heritage served its competitors Cigna Health and Life Insurance Company (Cigna) and Family First Life, LLC (FFL) with subpoenas on January 8, 2024, and February 1, 2024, to attempt to establish damages. After these organizations did not cooperate with the subpoenas, Family Heritage then moved on June 6, 2024, to compel discovery in the District of Connecticut.[15] That court ordered Family Heritage and Cigna to meet and confer, which Family Heritage has attempted over the last months.

So, good cause exists to extend the existing case deadlines.

### B. Prejudice to the Non-Movant

Plaintiffs oppose any extension to the case schedule, arguing that the additional time is delay that will cost them hundreds of thousands of dollars in legal fees, while Family Heritage continues to unlawfully withhold commissions.[16]

---

[13] *See* Docs.
[14] Doc. 48, PageID #: 884.
[15] *See Salerno v. Family Heritage Life Ins. Co.*, 3:24-mc-00067 (D. Conn. 2024).
[16] Doc. 55, PageID #: 1080-81.

- 3 -

Case No. 1:23-cv-01419
GWIN, J.

However, Plaintiffs say that they have completed document productions, as well as those of subpoenaed witnesses that Plaintiffs' counsel represents.[17]  They have also conducted depositions and fully briefed a partial dispositive motion.[18]  Plaintiffs have not shown how additional time will cost them hundreds of thousands of dollars.

Plaintiffs do suffer prejudice from Family Heritage's multiple eleventh-hour motions for extensions.[19]  In particular, Plaintiffs timely submitted a partial dispositive motion, while Family Heritage moved to extend that same deadline.

Plaintiffs may file additional dispositive motions up to the deadline indicated below. No further motions for extensions will be granted.

## II.    CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Family Heritage's motion to modify the case schedule.  Dispositive motions are now due on **August 5, 2024**; briefs in opposition are due on **August 19, 2024**; and briefs in reply are due on **August 26, 2024.**

Discovery is extended until **September 27, 2024**.  Trial is scheduled for the week of **November 4, 2024**.  The Court will issue a separate order scheduling a pretrial conference for the week of **October 28, 2024**.  The deadlines for expert reports and rebuttals remain unchanged.  No further extensions.

IT IS SO ORDERED.

Dated: July 22, 2024               *s/     James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[17] *Id.* at PageID #: 1071.
[18] *Id.*  *See* Docs. 52, 66.
[19] *See, e.g.*, Doc. 41 (moving to extend expert report deadline after deadline had passed).

- 4 -