IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAWRENCE SALERNO et al., | ) | CASE NO. 1:23-cv-1419 |
| | ) | |
| *Plaintiffs*, | ) | JUDGE PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY HERITAGE LIFE INSURANCE | ) | **DEFENDANT'S MOTION FOR** |
| COMPANY OF AMERICA, | ) | **DISCOVERY CONFERENCE** |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

Because disputes have arisen between the Parties in this matter and pursuant to Loc. R. 37.1 and the Court's standing orders, Defendant Family Heritage Life Insurance Company of America ("FHL") respectfully moves this Court for a discovery conference.

Over the past few months, the parties have engaged in extensive discovery. However, it has recently become clear that Plaintiffs have not produced certain information that is critical to FHL's defense. For example, at Plaintiff Lawrence Salerno's deposition, he admitted to deleting emails from his phone. Additionally, FHL received third-party documents and deposition testimony this week strongly suggesting that Plaintiffs (and third parties represented by counsel for Plaintiffs) have failed to produce responsive documents, have failed to produce documents from messaging applications (such as Signal), and have failed to produce documents from numerous email addresses over which they have control.

The Parties, in good faith, have attempted to resolve these issues for more than a month, but have been unsuccessful. The Parties exchanged numerous letters discussing the deficiencies and outlining their positions. For example, FHL sent discovery deficiency letters to counsel for Plaintiffs on August 15, 2024, and again on September 6, 2024, discussing the issues with Plaintiffs' and Third-Party Defendants' discovery responses as well as the deficiencies with

respect to the document productions of Plaintiffs', Third-Party Defendants, and/or third parties (all of whom are represented by counsel for Plaintiffs'). In those letters, FHL requested that Plaintiffs produce documents that they failed to produce, including documents from the email that addresses they failed to disclose and messaging apps. FHL also requested that Plaintiffs provide a forensic analyst with Mr. Salerno's phone so that it could be analyzed to explore whether relevant information has been deleted or was not adequately preserved. Counsel for Plaintiffs responded to those letters on September 10, 2024. In that letter, Plaintiffs denied that there were any deficiencies and proffered several "potential explanations" for the failure to produce relevant emails, none of which were sufficient to satisfy FHL's concerns—especially in light of Mr. Salerno's unequivocal admission that he regularly deletes emails from his phone.

On September 20, 2024, FHL responded to Plaintiffs' September 10, 2024 letter. In the September 20, 2024 letter, FHL provided a non-exhaustive list of email communications from third parties that Plaintiffs failed to produce. FHL also provided further examples that show Plaintiffs used Slack and/or Signal to communicate (but did not produce these communications). FHL reiterated that Plaintiffs failed to identify or search certain email addresses. Finally, FHL raised the issue that Third-Party Defendants Empower Financial Group Corp. and Empower Insurance Group Corp. (the "Empower Entities") failed to produce information related to policy holders and the development of a CRM system.

On September 24, 2024, Plaintiffs responded to FHL's September 20, 2024 letter by restating many of the same positions they had previously taken concerning their refusal to permit FHL's vendor to conduct a forensic examination of Mr. Salerno's phone and their refusal to produce relevant documents and information.

On September 25, 2024, the Parties had a meet and confer where these discovery issues were discussed but not resolved.  As discussed during the meet and confer, counsel for FHL followed up on September 26, 2024, to set up a follow-up meet and confer.  No response was received. In light of the impending discovery deadline, FHL now requests that the Court hold a discovery conference concerning these issues.

<div style="margin-left: 50%;">

Respectfully submitted,


*/s/ Angela D. Lydon*
Brett K. Bacon (0022826)
Angela D. Lydon (0087872)
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, Ohio 44114-1230
(216) 515-1660 phone
(216) 515-1650 fax
bbacon@frantzward.com
alydon@frantzward.com

*Counsel for Defendant*

</div>

## **<u>CERTIFICATE OF SERVICE</u>**

A copy of the foregoing was filed electronically on September 26, 2024.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

<div align="right">

/s/ *Angela D. Lydon*
*Counsel for Defendant*

</div>