PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWARENCE SALERNO, *et al.*, | ) | |
| | ) | CASE NO. 1:23-CV-01419 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FAMILY HERITAGE LIFE INS. CO., | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 76 and 77] |

Pending before the Court is Plaintiffs' Motion to Disqualify Defendant's Non-Retained Expert Witness. *See* Plaintiffs' Sealed Motion to Disqualify, ECF No. 76 *and* Plaintiffs' Redacted Motion to Disqualify, ECF No. 77. Defendant responded in opposition. ECF No. 83. Plaintiffs replied. *See* Plaintiffs' Reply in Support, ECF No. 88 *and* Plaintiffs' SEALED Reply in Support, ECF No. 91. The Court has been advised, having reviewed the record, the parties' briefs, the applicable law. For the reasons below, the Court denies the Motion to Disqualify.

### I. Background

Plaintiffs Lawrence Salerno, Dynasty Financial Group LLC, and Pinnacle Brokerage Firm LLC (collectively "Plaintiffs") had Marketing Agreements with Defendant Family Heritage Life Insurance Company of America ("Family Heritage") which, in relevant part, had provisions granting commissions to Sales Directors, such as Salerno, when subordinate sales representatives sold a Family Heritage insurance product. *See* Order, ECF No. 39 at PageID #: 817. "The Marketing Agreements also gave Sales Directors [] commissions whenever a Family Heritage insurance policyholder renewed that insurance policy." ECF No. 39 at PageID #: 817. "The

(1:23CV1419)

Marketing Agreements provided that all commissions credited to [] Plaintiffs became fully vested after two years from a Marketing Agreement's execution." ECF No. 39 at PageID # 817. As a result, "even if a particular Marketing Agreement ended, [] Plaintiff would be owed one hundred percent of any commissions he had earned, including future renewal commissions." ECF No. 39 at PageID #: 817.

"Typically, Family Heritage sales representative were 'captive' agents, meaning that they only sold Family Heritage products." ECF No. 39 at PageID #: 818. "[T]he Marketing Agreements had two exclusivity provisions that gave Family Heritage the right to stop Plaintiffs' commissions if Plaintiffs sold insurance products other than Family Heritage's." ECF No. 39 at PageID #: 818. One provision applied while the Marketing Agreements were active; the other prohibited Plaintiffs from marketing competitor's insurance for the year following the Agreement's termination. ECF No. 39 at PageID #: 818. Other actions which could forfeit commissions were "soliciting the services of current or former Family Heritage employees, pursuing Family Heritage insurance customers, or committing fraud against Family Heritage." ECF No. 39 at PageID #: 818. "If the commissions were forfeited, the Marketing Agreements allowed Family Heritage to claw back commissions paid since the forfeiture event." ECF No. 39 at PageID ##: 818–19.

Salerno maintains that "despite the exclusivity provisions, Family Heritage knowingly consented to him hiring 'non-captive' salespeople." ECF No. 39 at PageID #: 319. Salerno also claims that after he communicated his desire to retire, Family Heritage began to retaliate against him. ECF No. 39 at PageID #: 319. On May 25, 2023, Family Heritage sent Salerno a letter accusing him of violating the exclusivity provisions and declaring "[Family Heritage] had the right to keep all commissions, including future renewals, owed to Plaintiffs and to recover any

2

(1:23CV1419)

commissions that Family Heritage had paid since the forfeiture event." ECF No. 39 at Page ID #: 820. According to Salerno, "Family Heritage seeks to keep at least $21 million of fully vested commissions which are lawfully owed to him." ECF No. 39 at PageID #: 821.

Plaintiffs sued Family Heritage seeking claims of declaratory judgment, breach of contract, unjust enrichment, conversion, and defamation. *See* Compl., ECF No. 1. Family Heritage answered and brought counterclaims of breach of contract, indemnification, promissory estoppel, and violations of trade secrets. *See* First Amended Counterclaim, ECF No. 36. Plaintiffs moved for partial judgment on the pleadings, arguing that Family Heritage cannot refuse to pay the vested commissions as the forfeiture of all renewal commissions is an unlawful and unenforceable penalty. *See* Plaintiffs' Motion for Partial Judgment on the Pleadings, ECF No. 20. The Court[1] ruled that the "Marketing Agreements' forfeiture provisions is an unenforceable penalty." *See* Order, ECF No. 39 at PageID #: 830.

In support of their position, Plaintiffs submitted the expert report of Dr. John F. Burke, Jr. whom offered an opinion on the present value of Plaintiffs' earnings based on documents prepared and opinions rendered by Family Heritage's parent company, Globe Life. *See* Defendant's Brief in Opposition, ECF No. 83 at PageID #: 1889. In response, Family Heritage offered the opinion of Mr. Tony Martella, a Senior Vice President of Business Development at Family Heritage, as a non-retained expert witness, ECF No. 83 at PageID #: 1889, to "rebut the conclusions that Dr. Burke reached and the assumptions that he made based on his interpretation or understanding of Globe Life's documents and data." ECF No. 83 at PageID #: 1889. Plaintiffs move the Court to prohibit Mr. Martella from testifying at trial.

---

[1] As the docket reflects, on September 24, 2024, this case was transferred to the undersigned from the docket of the Honorable James S. Gwin.

3

(1:23CV1419)

## II. Legal Standard

Federal Rule of Evidence 702 states that "if . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." FED. R. EVID. 702. The reliability of non-scientific expert testimony "largely depends on the facts of each case" with an increase in number and similarity of experiences increasing the expert's reliability. *United States v. Jones*, 107 F.3d 1147, 1160 (6th Cir. 1997) (noting that the number of experiences and the similarity of those experiences to the testimony increases reliability of the expert).

"Nothing [ ] in Fed. R. Evid. 702 disqualifies an individual from serving as an expert by virtue of his or her relationship to the [litigant]." *Cole v. Reader's Dig. Sales & Servs.*, 139 F. App'x 707, 708 (6th Cir. 2005) (per curiam) (citing *Braun v. Lorillard Inc.*, 84 F.3d 230, 237–38 (7th Cir. 1996)). Bias is "more than a favorable or unfavorable disposition toward an individual" but "results from an opinion that is *wrongful* either because it is based on knowledge the [expert] should not possess or because the opinion is excessively strong." *Cheese v. United States*, 290 F. App'x 827, 830 (6th Cir. 2008) (analogizing the neutrality requirement of court appointed experts to the neutrality requirement applied to judges). "Such a conflict of interest goes to the weight of the evidence, not its admissibility." *Cole*, 139 F. App'x at 708 (citing *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988)).

## III. Analysis

A. <u>Bias Goes to the Weight of Mr. Martella's testimony, Not its Admissibility</u>

Plaintiffs argue that Mr. Martella should be disqualified because he is not disinterested or unbiased. *See* Plaintiffs' SEALED Motion to Disqualify, ECF No. 76 at PageID #: 1488.

4

(1:23CV1419)

Plaintiffs argue that Mr. Martella is an "advocate for Family Heritage's cause" and would be "effectively defending his own firsthand factual involvement" while painting his testimony as expert testimony.  ECF No. 76 at PageID #: 1489.  In opposition, Family Heritage argues that there is no legal authority requiring Mr. Martella be disqualified and any conflict which may arise can adequately be addressed during cross-examination.  *See* Defendant's Brief in Opposition, ECF No. 83 at PageID ##: 1892, 1896.  Family Heritage also argues that it is a mischaracterization to argue that Mr. Martella' testified: that he personally prepared Plaintiffs' annual Agency Owner reviews, personally contributed to the periodic review of debt balances, or that he was involved in the decision to forfeit Plaintiffs' commissions.  ECF No. 83 at PageID #: 1890.  Family Heritage also disavows that it designated Mr. Martella as its "most knowledgeable witness[,]" but rather, designated him as a witness who could answer the 30 topics identified in Plaintiffs' 30(b)(6) notice.  ECF No. 83 at PageID #: 1891.

The exclusion of expert testimony "is the exception rather than the rule." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008) (quoting FED. R. EVID. 702 advisory committee's note (2000)).  The conflict of interest that Plaintiffs allege is the sort of conflict which attacks the credibility of Mr. Martella as an expert witness, not his testimony's admissibility.  *See Cole*, 139 F. App'x at 708.  Any concerns that Plaintiffs have of Mr. Martella's expert testimony can be adequately addressed through cross-examination and contrary evidence.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) (finding that the traditional and appropriate means of attacking shaky but admissible evidence is cross-examination, contrary evidence, and careful instruction on the burden of proof).

Because Mr. Martella's alleged conflict is not sufficient to exclude his testimony, he is not disqualified.

5

(1:23CV1419)

    B.  Jury Confusion Can be Addressed By Jury Instruction

Plaintiffs also argue that Mr. Martella's multiple roles will confuse the jury. Plaintiffs point to Mr. Martella's role as a fact witness, corporate representative, and now expert witness as Family Heritage's attempt to unfairly bolster Mr. Martella's testimony. *See* Plaintiffs' SEALED Motion to Disqualify, ECF No. 76 at PageID #: 1485. The Sixth Circuit "has held that it is an error to permit a witness to testify both as a fact witness and as an expert witness unless there is a cautionary jury instruction regarding the witness's dual witness roles or a clear demarcation between the witness's fact testimony and expert opinion testimony." *United States v. Bevelle*, 437 F. App'x 399, 406 (6th Cir. 2011) (quoting *United States v. Smith*, 601 F.3d 530, 540 (6th Cir. 2010)) (quotation marks omitted). The Court finds that such jury instruction will adequately address Plaintiffs' concerns of jury confusion on Mr. Martella's multiple witness roles. Thus, Mr. Martella is not disqualified.

### IV.    Conclusion

Accordingly, Plaintiff's Motion to Disqualify Defendant's Non-Retained Expert (ECF Nos. 76, 77) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| March 18, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

6