PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE SALERNO, *et al.*, | ) | |
| | ) | CASE NO. 1:23-CV-01419 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FAMILY HERITAGE LIFE INSURANCE COMPANY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | [Resolving ECF Nos. 51 and 52] |

Pending are Plaintiffs Lawrence Salerno, Dynasty Financial Group LLC, and Pinnacle Brokerage Firm LLC's (collectively "Plaintiffs") Motion for Partial Summary Judgment Against Defendant Family Heritage Life Insurance Company ("Family Heritage"). *See* Plaintiffs' Motion for Partial Summary Judgment *SEALED*, ECF No. 51 *and* Plaintiffs' Motion for Partial Summary Judgment (Redacted), ECF No. 52. Defendant responded in opposition. *See* Defendant's Brief in Opposition, ECF No. 58 *and* Defendant's Brief in Opposition *SEALED*, ECF No. 59. Plaintiff replied. *See* Plaintiff's Reply in Support, ECF No. 66 *and* Plaintiff's Reply in Support *SEALED*, ECF No. 65. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons below, the motion is denied.

**I.     Background**

In July 2020, Combined Insurance Company of America ("Combined") filed with the American Arbitration Association a demand to arbitrate various claims against respondents, Family Heritage and four Dynasty sales agents who sold Family Heritage products. *See* Defendant's Brief in Opposition *SEALED*, ECF No. 59 at PageID #: 1131. "Neither Pinnacle

(1:23CV1419)

nor Salerno were parties to the arbitration and Dynasty was dismissed as a party before the arbitrator issued her final [a]ward and rulings on motions for summary judgment." ECF No. 59 at PageID #: 1132 n.3.  Relevant here, "Combined alleged breach of contract against the four Dynasty sales agents, [and] tortious interference against all respondents." ECF No. 59 at PageID #: 1131.  The four Dynasty sales agents were former Combined employees who had been in employment contracts with Combined that contained restrictive covenants.  ECF No. 59 at PageID ##: 1131–32.  "Combined brought its claims, in part, because alleged that its former agents were solicited to sign marketing agreements with Family Heritage in violation of the non-solicit[ation] covenants with Combined." ECF No. 59 at PageID #: 1132.  Family Heritage alleges that it was Plaintiffs, and specifically Salerno, who solicited the former Combined sales agents and recruited the agents to sell Family Heritage products in violation of their contracts, resulting in the Combined arbitration.  ECF No. 59 at PageID ##: 1132–35.  Family Heritage avers that it "had no intent to interfere with the agreements between Combined and its employees." ECF No. 59 at PageID #:1135.

The arbitrator ruled against Family Heritage.  ECF No. 59 at PageID #: 1136.

> In coming to her decision, the arbitrator made a series of factual findings.  Importantly, the [a]rbitrator found that Salerno was directly involved in the recruitment of Hernandez.  Specifically, "[o]n January 28, 2020, Hernandez flew from Texas to Florida to meet with Azuero, Urgelles, and Larry Salerno, who ran a team for Family Heritage in Florida.  Urgelles and Azuero provided Hernandez with the compensation package offered by Family Heritage." (Ex. A-2 at 1).  The arbitrator further found that "Larry Salerno and other Family Heritage Agents participated with the individual Respondents in the solicitation of Combined agents." (*Id.* at 2).
> Additionally, the arbitrator determined that Urgelles and Pineda were responsible for at least 150 Combined employees leaving to join Family Heritage.  (Ex. A-2 at 8).  Put differently, Salerno was responsible for recruiting the individuals who, in turn, recruited over 150 Combined sales agents.

2

(1:23CV1419)

ECF No. 59 at PageID #: 1136. The arbitrator "awarded damages to Combined in the amount of $3,524,877" and "Family Heritage paid Combined the total amount of the arbitration award." ECF No. 59 at PageID #: 1137.

Plaintiffs' Marketing Agreements with Family Heritage contain broad indemnification clauses that require Plaintiffs to indemnify Family Heritage "against and hold Family Heritage harmless from and against any and all liabilities, costs, expenses, or damages caused by or resulting from negligent or fraudulent acts or omissions or willful misconduct of the Sales Director or his subordinate representatives." ECF No. 59 at PageID #: 1138 (emphasis removed).

Plaintiffs now move the Court for partial summary judgment on Count One of their Complaint, which seeks declaratory judgment stating that Plaintiffs need not indemnify Family Heritage for the Combined Arbitration under the Marketing Agreements. *See* Plaintiffs' Motion for Partial Summary Judgment *SEALED*, ECF No. 51; Compl., ECF No. 1 at PageID ##: 33–36, ¶¶ 95–108. Family Heritage brought a counterclaim, Count Two, for breach of contract seeking indemnification from Plaintiffs under the Marketing Agreements. *See* First Amended Counterclaim, ECF No. 36 at PageID ##: 709–10, ¶¶ 93–101.

## II. Standard of Review

A party may move for partial summary judgment by "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "When a party moves for summary judgment on a part of a claim, the party is seeking a decision on a particular element." *Glob. Digit. Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-Civ-Middlebrooks/Brannon, 2019 WL 8275153, at *2 (S.D. Fla. Nov. 27, 2019); *see also Hudak v. Clark*, No. 3:16-cv-288, 2018 WL 1785865, at *2 (M.D. Pa. April 13,

3

(1:23CV1419)

2018) ("Rule 56 contemplates the possibility that summary judgment may be entered on less than a full claim and on one or fewer than all of the elements necessary to establish a claim."). "[C]ourts throughout the country have held that Rule 56 does not authorize a motion which is solely intended to establish the truth of particular facts." *Robertson v. F. Martin*, No. CV 20-4173-JLS(E), 2021 WL 545895, at *2 (C.D. Cal. Jan. 4, 2021) (collecting cases). "Partial summary judgment is often sought on matters such as liability or with respect to a particular claim or defense. It is not typically used to seek a judgment that a particular fact occurred, especially when that fact does not even establish an entire element of the underlying claim." *Samuels v. Arnold*, No. 11-cv-0201, 2012 WL 6020089, at *2 (W.D. La. Nov. 19, 2012), *report and recommendation adopted*, No. 11-cv-0201, 2012 WL 6020084 (W.D. La. Dec. 3, 2012) (denying plaintiff's motion for partial summary judgment).

As the Seventh Circuit has noted, the label "'partial summary judgment' is, of course, consistent with section (d) of Rule 56, which allows a court to establish facts prior to trial over which there is no 'substantial controversy.'" *ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 515 (7th Cir.1987). Partial summary judgment is an appropriate mechanism for resolving core, undisputed issues to bring about more efficient and focused trials. *See Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1152-1157 (S.D. Ohio 2021) (granting motion for partial summary judgment on whether the decedent was occupying a truck at the time of an accident); *Comer v. Shrum*, 4:18-cv-58, 2021 WL 2210592, at *2-3 (E.D. Tenn. June 1, 2021) (plaintiffs moved for partial summary judgment against all three defendants and court granted partial summary judgment on whether "a bullet fired from [a single defendant's] gun" was "the cause of death" of plaintiffs' decedent because that defendant was estopped from disputing the cause-of-death issue); *Bowling v. CSX Transp., Inc.*, No. 1:11-cv-598-HJW, 2013 WL 866459, at

4

(1:23CV1419)

*6 (S.D. Ohio Mar. 7, 2013) ("Absent any genuine disputes of material fact on this issue, plaintiff[] is entitled to partial summary judgment on the element of negligence *per se*") (italics added). "The freedom to use summary judgment procedure to address particular issues or elements of a claim is an important feature of Rule 56, making it a much more useful case management device. . . ." 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.122[2] (Matthew Bender 3d ed. 2024).

A motion for partial summary judgment should be granted when there is no genuine dispute as to any material fact with respect to the part of the claim at issue. FED. R. CIV. P. 56(a). There is no genuine factual dispute if the opposing party cannot present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts" at issue in the case. *Blume v. Potter*, 289 F. App'x. 99, 102 (6th Cir. 2008) (brackets in original) (quoting *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993)).

### III.     Analysis

Plaintiffs move for partial summary judgment against Family Heritage with respect to Count One, which seeks a declaration that Family Heritage is not entitled to indemnification for any liabilities, losses, costs, or expenses Family Heritage allegedly incurred in connection with the arbitration between Family Heritage and Combined. *See* Compl., ECF No. 1 at PageID #: 34–35. Plaintiffs argue that because Family Heritage was found liable by an arbitrator for intentionally interfering with Combined's contracts which brought about the intended result, and because Ohio generally prohibits indemnification for damages caused by intentional torts on public policy grounds, they should be granted judgment in their favor as to Count One. *See* Plaintiff's Motion for Partial Summary Judgment *SEALED*, ECF No. 51 at PageID #: 920.

(1:23CV1419)

Overall, Family Heritage argues that the law is not settled prohibiting indemnification or that factual disputes exist which do not entitle Plaintiffs to summary judgment. Family Heritage claims that the law relied upon by Plaintiffs about public policy prohibiting indemnification for intentional torts is unpersuasive authority and does not stand for the blanket prohibition that Plaintiffs claim. *See* Defendant's Brief in Opposition, ECF No. 59 at PageID #: 1139. Family Heritage also claims that there is a factual dispute over whether Family Heritage had the requisite intent to cause harm as required to find that it committed an intentional tort. ECF No. 59 at PageID #: 1140. Family Heritage further claims that there is also a factual dispute regarding whether "the actors" of the intentional torts, which Family Heritage argues are the plaintiffs because they were the ones who recruited the sales representatives, intended to cause harm. ECF No. 59 at PageID #: 1142.

Unless there are specific public policy exceptions, an agreement to indemnify is generally enforceable. *See Brown v. Gallagher*, 902 N.E.2d 1037, 1040 (Ohio App. 2008) (citing *Worth v. Aetna Cas. & Sur. Co.*, 513 N.E.2d 253 (Ohio 1987)). "Ohio law, on public policy grounds, generally prohibits indemnification for damages caused by intentional torts. Where [ ] the actor does something which brings about the exact result desired, *i.e.*, intentional acts that are designed and calculated to accomplish the disruption, interference or destruction of the business relationship or contract, a contract purporting to obligate a party to indemnify the actor against a civil action for those intentional acts violates public policy, and is, therefore, unenforceable to that extent." *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 774 N.E.2d 775, 781 (Ohio App. 2002).

Additionally, the "public policy of Ohio forbids the enforcement of those provisions on the grounds that an intentional tortfeasor may not seek indemnification through insurance."

6

(1:23CV1419)

*Lumbermens Mut. Cas. Co. v. S-W Indus., Inc.*, 39 F.3d 1324, 1327 (6th Cir. 1994). "A specific intent to injure is not an essential element of an intentional tort where the actor proceeds despite a perceived threat of harm to others which is substantially certain, not merely likely, to occur. It is this element of substantial certainty which distinguishes a merely negligent act from intentionally tortious conduct." *Id.* at 1328 (quoting *Jones v. VIP Dev. Co.*, 472 N.E.2d 1046, 1051 (Ohio 1984) (superseded by statute on separate grounds)). That said, Ohio's public policy does not have a "blanket prohibition" but holds that "the better view is to prohibit insurance only for those intentional torts where the fact of insurance coverage can be related in substantial way to the commission of wrongful acts . . . performed with the knowledge that injury was substantially certain to occur." *Id.* at 1328–29 (quoting *Harasyn v. Normandy Metals, Inc.*, 551 N.E.2d 962, 965–66 (Ohio 1990)). "[A]n intent to injure, not merely an intentional act, is a necessary element to uninsurability. Whether the insured had the necessary intent to cause injury is a question of fact." *Right-Now Recycling, Inc. v. Ford Motor Credit Co.*, No. 1:11-cv-364, 2012 WL 13026793, at *3 (N.D. Ohio Nov. 19, 2012) (citing *Buckeye Union Ins. Co. v. New England Ins. Co.*, 720 N.E.2d 495, 499 (Ohio 1999)).

At issue is whether the intentional tort has the intent required to bar indemnification. Family Heritage was found to have tortiously interfered with Combined's contractual agreements with the former Combined agents and the finding was based on Family Heritage's knowledge of the restrictive covenants applicable to the former Combined agents. *See* Plaintiffs' Motion for Partial Summary Judgment *SEALED*, ECF No. 51 at PageID #: 917. Family Heritage was found to be aware of the restrictive covenants and to have proceeded with its culpable actions despite that knowledge. The arbitrator's findings characterize Family Heritage's action as "presumed intent—proceeding in the face of a risk that a particular risk is substantially certain to

7

(1:23CV1419)

occur." *Lumbermens Mut. Cas. Co.*, 39 F.3d at 1328. Presumed intent falls outside of a blanket prohibition made for "'direct intent' intentional torts." *See id.* at 1329 ("[P]ublic policy does not prohibit an employer from securing insurance against compensatory damages sought by an employee in tort where the employer's tortious act was performed with the knowledge that injury was substantially certain to occur.").

In this case, the nature of the intent is a question of fact. *See Right-Now Recycling*, No. 1:11-cv-364, 2012 WL 13026793, at *3. If, as Family Heritage argues, its intent is "presumed intent" rather than "direct intent" as Plaintiffs argue, the blanket prohibition that public policy provides against indemnification would not apply. Because intent is a question of fact and it is disputed, Plaintiffs are not entitled to summary judgment on Count One, seeking declaratory relief.

### IV. Conclusion

For the reasons above, Plaintiffs' Motion for Partial Summary Judgment (ECF Nos. 51 and 52) against Family Heritage is denied.

IT IS SO ORDERED.

| | |
|---|---|
| March 18, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

8